```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


MARYLAND ELECTRICAL INDUSTRY    *
HEALTH FUND                     *
                                *   Civil Action No. WMN-11-3411
v.                              *
                                *
JEFFREY JOHN QUELET et al.      *
                                *
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Before the Court is a Motion for Summary Judgment filed by Plaintiff Maryland Electrical Industry Health Fund (Health Fund). ECF No. 25. Instead of opposing this motion, Defendants filed a motion to stay the motion for summary judgment and for a settlement conference. ECF No. 26. Plaintiff, in turn, filed an opposition to Defendants' motion to stay. On December 20, 2012, the Court denied the motion to stay and, out of a concern that Defendants may have believed that the requested stay was implicitly granted, permitted Defendants to file any opposition to the motion for summary judgment on or before January 4, 2013. No opposition was filed within the time permitted. For the reasons that follow, the Court will grant Plaintiff's unopposed motion for summary judgment.

Defendant, Jeffrey Quelet, was injured in an automobile accident on or about May 18, 2009. At the time of the accident, Mr. Quelet was a participant of the Health Fund under the terms

of the Summary Plan Description (SPD) issued by the Health Fund. As a result of injuries sustained in the accident, Mr. Quelet sought and received benefits from the Health Fund totaling $91,668.20.

The SPD contains the following "Subrogation/Reimbursement" provision:

SUBROGATION/REIMBURSEMENT

> The Plan may elect, but is not required, to advance payment of medical or dental benefits in those situations where an injury, sickness, disease or disability is caused in whole or in part by, or results from, the acts or omissions of a third party, or from the acts or omissions of a covered person where other insurance (such as auto or homeowners) is available.  As a condition of providing benefits in such situations, the Plan and its agents shall have the right to recoup all benefits paid, either:
>
> • by subrogation directly from the responsible party (whether an unrelated third party or another covered person) or its insurer, without regard to whether the covered person is pursuing a claim against that responsible party, or
>
> • by reimbursement from the covered person, when the covered person has recovered compensation for such injury from any source described below.
>
> The Plan shall be entitled to recover 100% of the benefits paid, without deduction for attorney's fees and costs or other deductions, without regard to whether the covered person is fully compensated by his/her net recovery from all the sources described in this section, and without regard to allocation or designation of the recovery.  <u>The Plan explicitly has the right of first recovery, even where a participant or beneficiary is not made whole</u>.  If the covered person's net recovery is less than the benefits paid, then the Plan is entitled to be paid all of the net recovery achieved.  All funds received by or for any

>  covered person, up to and including the amount of
>  claims paid, are subject to the Plan's equitable lien
>  thereon and are deemed to be held in constructive
>  trust for the benefit of the Plan until such funds are
>  delivered to the Plan or its attorney. The Plan does
>  not pay for, nor is responsible for the participant's
>  attorney's fees.

ECF No. 25-5 (emphasis in original). Consistent with the terms of the SPD, Mr. Quelet signed a Subrogation Agreement on March 9, 2010, in which he agreed,

>  [i]n consideration of the Fund's payment of benefits
>  with respect to the Claim, <u>I agree to reimburse (or
>  direct others to reimburse) the Fund for the entire
>  amount it paid</u> with respect to the Claim out of any
>  money I receive, or am entitled to receive, from a
>  third party, its insurer, or any other person or
>  entity (public or private) which is attributable or
>  related in any manner to such illness or injury.

ECF No. 25-4 (emphasis in original).

Mr. Quelet subsequently received a settlement from a third party as a result of the accident in the amount of $100,000.00. Quelet's Responses to Request for Admissions, ECF No. 25-3 at 3. Notwithstanding the provisions in the SPD and the Subrogation Agreement signed by Mr. Quelet, Mr. Quelet has failed to make any payment to the Health Fund from the proceeds of that settlement. Citing these undisputed facts, Plaintiff Health Fund moves for summary judgment as a matter of law in the amount of $91,668.20 plus attorneys' fees and costs.

Summary judgment is proper if the evidence before the court establishes that there is no genuine issue of material fact and

that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's case which it believes demonstrate the absence of a genuine issue of material fact.  Id. at 323.  If the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence which demonstrates that a triable issue of fact exists for trial.  Celotex, 477 U.S. at 324.  "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."  Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991).

The Health Fund's motion establishes its entitlement to reimbursement of the $91,668.20 it paid as benefits on Mr. Quelet's behalf.  Defendants offer nothing to contradict that conclusion.  As he has previously done in this litigation, Mr. Quelet's counsel raises, in the motion to stay, the fact that Mr. Quelet has been approved by Social Security for reimbursement of the majority of the medical bills giving rise

to this action.  ECF No. 26 at 2.  Counsel offered no explanation or authority, however, to establish how this fact impacts Mr. Quelet's obligations under the SPD and Subrogation Agreement.

Mr. Quelet's counsel also references in the motion to stay a tentative agreement whereby the Health Fund would accept $30,556.07 in settlement of the Health Fund's reimbursement claim.  Id.  That settlement, however, was never finalized as the parties were unable to reach an agreement as to the timing and manner of payment.  See Aug. 23, 2012, Joint Status Report, ECF No. 24 at 2.  Thus, that failed settlement has no bearing on this motion.

As Defendants have failed to demonstrate that any triable issue remains for trial, judgment will be entered in favor of the Health Fund.  A separate order will issue.


                         _____/s/_____
                         William M. Nickerson
                         Senior United States District Judge


DATED:  January 10, 2013